UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-1068-GW(JEMx) | Date | October 19, 2016 |
| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 1 of 7 |

Present: The Honorable    **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) – RULING ON SUBJECT MATTER JURISDICTION AND ORDER REMANDING THIS ACTION**

**I.    Background**

On February 25, 2015, Plaintiff Carlos Gonzalez, an individual domiciled and residing in the County of Los Angeles, State of California, filed this action in the Los Angeles County Superior Court asserting 17 California state-law claims against Defendants: (1) Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"); (2) 5662 The Westin – Los Angeles;[1] (3) Timothy McDonald ("McDonald"); and (4) Does 1 through 100. *See generally* Complaint, Docket No. 1-1.  On July 21, 2015, Plaintiff filed a Doe amendment naming Sheraton Operating Corporation ("Sheraton") as a Defendant. *See* Decl. of Benjamin J. Treger ¶ 2, Docket No. 7-1.

On January 27, 2016, Plaintiff's counsel verbally conveyed a settlement demand of $150,000 to Defendants' counsel. *See* Decl. of Reed E. Schaper, Ex. D at 1-2; Docket No. 6 at 95-96.  Based on that amount in controversy and alleging complete diversity of citizenships, on February 16, 2016, Starwood and McDonald removed the case to this Court claiming in part that McDonald is a citizen of Texas. *See* Notice of Removal at 4, Docket No. 1.[2]  On February 19, 2016, Sheraton joined in the removal. *See* Joinder in Notice of Removal, Docket No. 7.

On March 17, 2016, Plaintiff filed a motion to remand ("Motion") arguing, among other things, that McDonald's declaration at removal was "strangely worded, conclusory." *See* Motion at 10, Docket No. 15; *see also* Notice of Motion ¶ 3 ("Defendant Timothy McDonald fails to provide substantive evidence that he is domiciled outside of California.").  On March 31, 2016,

---

[1] Defendants contend that "5662 The Westin – Los Angeles" is an internal designation for the specific property at which Plaintiff worked and is not a legal entity. *See* Notice of Removal at 2 n.1, Docket No. 1; Decl. of Kerry DeBellonia ¶ 3, Docket No. 1-5.

[2] In the removal papers, McDonald submitted a declaration, which only stated the following: "On February 25, 2015, which I understand to be time of the filing of the Complaint in this case and as of today, I am and have been a citizen of the state of Texas." *See* Decl. of Timothy McDonald in Support of Defendants' Removal, Docket No. 1-4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |
| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 2 of 7 |

Defendants opposed the Motion. *See* Opposition, Docket No. 17. Defendants argued, on the basis of a *revised* declaration from McDonald,[3] the following:

> [T]he only evidence attesting to McDonald's citizenship points squarely towards Texas. McDonald's declaration . . . unequivocally states that he is a citizen of the state of Texas. McDonald lives in San Antonio Texas, receives mail at his San Antonio address, works in San Antonio, owns a vehicle registered in Texas, and intends to remain in Texas indefinitely.

*See id.* at 10 (quoting Decl. of Timothy McDonald in Support of Defendants' Opposition to Plaintiff's Motion ¶ 3, Docket No. 17-1).

On April 21, 2016, the Court denied the Motion, finding that Defendants satisfied diversity jurisdiction. *See* Order Denying the Motion ("Order"), Docket No. 27. With respect to McDonald, the Court found that "McDonald's statements that he is a citizen of Texas, resides in San Antonio, and intends to remain in Texas are sufficient to establish that he is a citizen of Texas." *Id.* (citing *Socoloff v. LRN Corp.*, No. CV 13-4910-CAS (AGRx), 2013 WL 4479010, at *3 (C.D. Cal. Aug. 19, 2013)).

On October 7, 2016, upon further review, the Court issued an Order to Show Cause ("OSC") asking McDonald to submit proof of his domicile at the commencement of the action and at removal. Docket No. 36. On October 14, 2016, McDonald responded to the OSC ("McDonald's Brief"), submitting another declaration ("McDonald's OSC Decl."). *See* Docket Nos. 38, 38-1. On the same day, Plaintiff requested the Court to remand this action ("Plaintiff's Brief"), enclosing McDonald's Deposition Transcript ("McDonald's Dep. Tr."). *See* Docket Nos. 39, 39-1. In response, on October 17, 2016, McDonald filed a supplemental brief. *See* Docket No. 40. For the reasons set forth below, the Court remands this action.

## II. Legal Standard

In order for a court to have jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence . . . of a single plaintiff from the same [s]tate as a single defendant deprives the district court of original diversity jurisdiction."). To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the U.S. and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also* Schwarzer,

---

[3] In the Opposition, Defendants submitted a revised declaration from McDonald which *inter alia* amended the language of paragraph 2 and added the following sentence: "During said time period, I have lived in San Antonio, Texas, receive mail at my San Antonio address, work in San Antonio, own a vehicle registered in Texas, and intend to remain in Texas indefinitely." *See* Docket No. 17-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |
| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 3 of 7 |

Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Proc. Before Trial* (The Rutter Group 2016) ("Schwarzer") § 2:1210.
"A person's domicile is the place he or she resides *with the intention to remain* or to which he or she intends to return. A person residing in a given state is not necessarily domiciled there and thus is not necessarily a citizen of that state. [Emphasis in original]." Schwarzer § 2:1213 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003)).

> A person's actions may speak louder than his or her words in determining domiciliary intent. Such intent is gauged by various objective factors: e.g., length of residence, employment, location of assets, voting registration, address shown on driver's license, payment of state taxes, receipt of mail, representations in public documents, location of family, connections to the community, etc.

Schwarzer § 2:1225 (citing *Middleton v. Stephenson*, 749 F.3d 1197, 1201-1202 (10th Cir. 2014); *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3rd Cir. 2011); *Altimore v. Mt. Mercy College*, 420 F.3d 763, 768-769 (8th Cir. 2005)); *see also Vlandis v. Kline*, 412 U.S. 441, 454 (1973) ("In reviewing a claim, relevant criteria include year-round residence, voter registration, place of filing tax returns, property ownership, driver's license, car registration, marital status, vacation employment, etc."). The Ninth Circuit has also recognized that

> [T]he determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes.

*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citations omitted).
Additionally, domicile is evaluated in terms of "objective facts," and that "'statements of intent are entitled to little weight when in conflict with facts.'" *Id*. (quoting *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Korn v. Korn,* 398 F.2d 689, 691-92 n.4 (3rd Cir. 1968)); *Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009). Furthermore, "[e]ach individual case must be decided on its own particular facts." *Vlandis*, 412 U.S. at 454.
The burden of proving jurisdictional facts falls on the party invoking diversity jurisdiction. *See Kanter*, 265 F.3d at 857-58. "For removal purposes, diversity must exist *both* at the time the action was commenced in state court *and* at the time of removal." Schwarzer § 2:2356 (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2nd Cir. 1994); *Ryan ex rel. Ryan v. Schneider Nat'l*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |
|---|---|---|---|

| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 4 of 7 |
|---|---|---|---|

*Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001); *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002)).
"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447; *see Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (stating that lack of removal jurisdiction can be raised by the court); Schwarzer § 2:2045 ("Lack of diversity may be raised at any stage of the proceedings.") (citing *Santos v. Alaska Bar Ass'n*, 618 F.2d 575, 577 (9th Cir. 1980)).

### III. Discussion

Because Defendants invoked this Court's diversity jurisdiction at removal, they must prove that jurisdiction is proper, in particular that the citizenships of the parties are completely diverse both when the action commenced and at the time of removal. Neither Plaintiff nor McDonald contests that McDonald was domiciled in California before he moved to San Antonio, Texas. The issue presented is whether McDonald established a new domicile in Texas for diversity purposes.

Among other things, the Court required McDonald to submit proof of ownership or rental agreement for the San Antonio, Texas abode where McDonald lived. OSC at 5. In response, McDonald shows that he lived at the Sheraton Gunter Hotel San Antonio ("Sheraton Gunter Hotel") in San Antonio, Texas, in his capacity as Director of Operations for the hotel. McDonald's OSC Decl. ¶¶ 4-5; *id.*, Exs. B-C. By contrast, when he worked at Starwood in California, McDonald did not live at the hotel but instead maintained a residence outside the hotel, currently rented in his wife's name where she continues to reside (McDonald's Dep. Tr. at 119:18-120:7), where he received mail while he lived in Texas (*id.* at 119:15-21, 122:14-17) and kept some of his personal property (*id.* at 122:18-24), and which continues to be listed on his California driver license as his residence (*see* McDonald's OSC Decl., Ex. F). The evidence of McDonald's abode in Texas therefore does not support an intent to live there indefinitely. *See* Schwarzer § 2:1220 (citing *Coury v. Prot*, 85 F3d 244, 249-250 (5th Cir. 1996)).

The Court also asked McDonald to provide proof of registration of his vehicle in Texas. OSC at 5. McDonald responds with proofs of (1) vehicle registration with the Texas Department of Motor Vehicles, (2) a warranty agreement for that vehicle, and (3) a car loan welcome letter from the financing company and monthly statements from that company. McDonald's OSC Decl. ¶¶ 6-7, 13; *id.*, Exs. D-E, G. The purchase date as well as the date of the primary lien on the vehicle, purportedly for the financing of the vehicle, is listed as August 15, 2015, six months *after* this action commenced in the state court. McDonald's OSC Decl. ¶ 7; *id.*, Ex. E. Moreover, the effective date of the registration is listed as September 28, 2015. *Id.* ¶ 6; *id.*, Ex. D. Finally, the car loan welcome letter is dated September 10, 2015 and the first monthly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |

| | | | |
|---|---|---|---|
| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 5 of 7 |

statement is dated October 25, 2015. *Id.* ¶ 13; *id.*, Ex. G. None of the evidence offered therefore favor an intent to be domiciled in Texas at the time the action commenced in state court.

The Court did not require, but McDonald submits, a copy of the proof of service in San Antonio, Texas. *Id.* ¶ 3; *id.*, Ex. A. It shows that McDonald was not personally served – instead, that the process was served on a front desk employee at the Sheraton Gunter Hotel, who tried to refuse service, as well as by mail. *Id.*, Ex. A. Moreover, it notes that an employee at the hotel stated that McDonald "is not available" and that another employee at the hotel unsuccessfully tried to reach McDonald by phone. *Id.* This evidence therefore is not helpful to McDonald.

The Court ordered McDonald to provide proof of voter registration. OSC at 5. McDonald fails to do so, and responds that he has never registered to vote in California or Texas. *Id.* ¶ 9. The Court also required McDonald to submit any change in address request submitted to the U.S. Postal Service in 2015 and 2016. OSC at 5. McDonald is unable to, stating that he did not submit any change in address requests to the U.S. Postal Service in 2015 and 2016. McDonald's OSC Decl. ¶ 17. The Court also asked for proof of any real estate owned in California in 2015 and 2016. OSC at 5. McDonald responds that he did not own any real estate in California in those years. McDonald's OSC Decl. ¶ 11. The Court further required proof of any real estate or property taxes paid in 2015 and 2016. OSC at 5. But McDonald states that he did not pay any real estate or property taxes in California in 2015 or 2016. McDonald's OSC Decl. ¶ 12. (He remains silent on whether he paid any real estate or property taxes in Texas in those years.) The Court also required that McDonald provides copies of federal and state tax returns filed in 2015 and 2016. OSC at 5. McDonald responds that he has been unable to find any copies of those returns. McDonald's OSC Decl. ¶ 10. These facts, overall, do not help McDonald establish his domiciliary intent.

The Court also asked McDonald to furnish his pay stubs or salary statements from when the action commenced and at the time of removal. OSC at 5. McDonald responds with copies of the paystubs as well as W-2s for 2014 and 2015. McDonald's OSC Decl. ¶ 15; *id.*, Ex. I. Consistent with his employment at the Sheraton Gunter Hotel, these documents show that he lived and worked in San Antonio, Texas, and are helpful to McDonald.[4]

The Court further required that McDonald submit bank statements from when the action commenced and at the time of removal. OSC at 5. McDonald furnishes statements from a Bank of America checking account, which show that McDonald continued to list his Los Angeles apartment as his address with Bank of America at the filing of the Complaint and at the time of

---

[4] Relatedly, McDonald also testified that he actively looked for employment opportunities in California, Texas, Florida, and New York after moving to Texas. McDonald's Dep. Tr. at 7:13-15, 8:18-20, 79:3-5; Decl. of Benjamin J. Treger ¶ 2, Docket No. 40-1; *id.*, Ex. A at 11:14-12:1. The fact that McDonald was looking for employment opportunities in three states other than Texas indicates that he did not intend to domicile in Texas. In addition, the fact that he applied to job opportunities in California suggests that he did not abandon California as his domicile.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |
|---|---|---|---|

| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 6 of 7 |
|---|---|---|---|

removal. McDonald's OSC Decl. ¶ 14; *id.*, Ex. H. Although McDonald provides statements from a retirement account for a savings plan offered by his employer (McDonald's OSC Decl. ¶ 16, Ex. J), which lists Sheraton Gunter Hotel as his address, on balance the checking account weighs more than the retirement account in the opinion of this Court and operates against his intent to abandon California as his domicile.

Most importantly, the Court demanded that McDonald produce a copy of his Texas driver's license and a copy of his current driver's license. OSC at 5. McDonald responds by stating that he did not apply for a Texas driver's license and that he continued to maintain his California driver's license. McDonald's OSC Decl. ¶ 8; *see id.*, Ex. F. This fact, even by itself, is fatal to McDonald's claim that he intended to abandon California as his domicile. In addition to the fact that that he maintained his California driver's license, his failure to apply for a Texas driver's license plainly significantly undercuts McDonald's assertion that he intended to adopt Texas as his new domicile, particularly in light of the requirement that Texas obligates new residents to obtain a Texas driver license within 90 days of moving there to drive legally.

> New Texas residents can legally drive with a valid, unexpired driver license from another U.S. state, U.S. territory, Canadian province, or qualifying country for up to 90 days after moving to Texas.
>
> Prior to the end of the 90-day grace period, a new Texas resident must apply for a Texas license in person at any driver license office to continue to drive legally. When applying for the new Texas license the individual must surrender any unexpired driver license in their possession from another U.S. state, U.S. territory or a Canadian province.

*See* Texas Department of Public Safety, *Moving to Texas*, https://www.txdps.state.tx.us/DriverLicense/movingtotexas.htm (last visited October 17, 2016); *see also* Texas Department of Motor Vehicles, *Driver License*, http://www.txdmv.gov/motorists/new-to-texas (last visited October 17, 2016).[5]

Similarly, the fact that McDonald's wife stayed in California while McDonald worked in San Antonio dents his argument that he intended to change his domicile. McDonald's OSC Decl. ¶ 2; McDonald's Dep. Tr. at 120:5-7. While McDonald claimed that he had separated from his wife through this period (*see* McDonald's OSC Decl. ¶ 2), he: (1) continued to visit her in California (McDonald's Dep. Tr. at 120:24-121:4, 121:19-24); (2) maintained a joint checking account with her (McDonald's OSC Decl. ¶ 14; *id.*, Ex. H); (3) filed a joint federal tax return with her in 2015 and 2016 (*id.* ¶ 10); and (4) admitted at his deposition that he is currently

---

[5] The Court takes judicial notice of these facts under Federal Rule of Evidence 201.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-1068-GW(JEMx)** | Date | October 19, 2016 |
| Title | *Carlos Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., et al.* | Page | 7 of 7 |

married and is not legally separated (McDonald's Dep. Tr. at 119:24-25, 122:7-10). Moreover, McDonald claims now that he lives in Santa Ana (McDonald's Dep. Tr. at 6:20-23), but provides no evidence of his residence in Santa Ana. Tellingly, the address on his California driver's license shows the same address where his wife currently lives. McDonald's OSC Decl. ¶ 8, Ex. F; McDonald's Dep. Tr. at 120:5-7.

Here, a balance of factors discussed above indicates that although McDonald briefly moved to, worked, and stayed in San Antonio, Texas, he never intended to abandon his California domicile and adopt Texas as his new domicile when this action commenced and at the time of removal. Beyond the necessary trappings of working in San Antonio temporarily, McDonald shows nothing more to allow this Court to infer that he intended to make Texas his new domicile. *See Kanter*, 265 F.3d at 857 ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.") (citing *Lew*, 797 F.2d at 749). By contrast, during his tenure in San Antonio, Texas, McDonald continued to maintain his California driver's license; he never obtained a Texas driver's license even though Texas requires new residents to do so; his wife stayed back in California; he routinely returned to California to visit his wife; he continued to list his California address on his checking account; he did not submit a change of address request with the U.S. Postal Service; and he continued to look for employment opportunities in California.

> A person's domicile continues until a new domicile is acquired – i.e., until he or she moves to a new place with the requisite intent to remain there indefinitely. Because of this intent requirement, mere absence does not affect a person's domicile. It continues even though he or she is residing elsewhere.

Schwarzer § 2:1235 (citing *Gutierrez v. Fox*, 141 F3d 425, 428 (2nd Cir. 1998)). McDonald has failed to "present substantial evidence to support his contention that his domicile had changed" from California to Texas and therefore retained his California domicile for the purposes of establishing diversity jurisdiction. *Lew*, 797 F.2d at 752.

Because Plaintiff and McDonald are both domiciled in California, this Court lacks a complete diversity of citizenships in this action.

## IV. Conclusion

For the foregoing reasons, the Court finds an absence of subject matter jurisdiction over this action and, hence, the case is remanded.